**Lester R. EVANS, Appellant,**

**v.**

**DAVIE TRUCKERS, INC., Appellee.**

**Lester R. EVANS, Appellee,**

**v.**

**DAVIE TRUCKERS, INC., Appellant.**

**Nos. 84–2042, 84–2068.**

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1985.

Decided Aug. 14, 1985.

Rehearing and Rehearing En Banc Denied Sept. 9, 1985 in No. 84–2042.

Herman L. Stephens, Winston-Salem, N.C. (Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown, Winston-Salem, N.C., on brief), for appellant.

David A. Irvin, Winston-Salem, N.C. (M. Ann Anderson, Womble, Caryle, Sandridge & Rice, Winston-Salem, N.C., on brief), for appellee.

Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

Lester R. Evans, a black male, appeals from an order of the district court dismissing his action against his former employer, Davie Truckers, Inc. ("Davie Truckers"), brought pursuant to Title VII of the Civil Rights Act of 1964 (the "Act"), 42 U.S.C. § 2000e *et seq.* Davie Truckers cross-appeals from the district court's finding that Davie Truckers is an employer within the meaning of § 701(b) of the Act and from the district court's failure to award Davie Truckers attorneys' fees. We affirm.

### I.

Evans was employed by Davie Truckers as a truck driver in April 1975. He was hired by Wayne Smith, Davie Truckers' president and principal owner. Evans was primarily responsible for hauling maltage from a Winston-Salem, North Carolina, company to dairy farmers in North Carolina, South Carolina, and Virginia. At the time of his employment, Evans was informed by Wayne Smith that Evans would be compensated at the rate of twenty-two and one-half percent of the gross profit of each trip.

Elaine Smith, Wayne Smith's wife, co-owns Davie Truckers with her husband. She serves as secretary-treasurer, dispatcher, and payroll clerk. Wayne Smith handles the daily management of the company, including hiring and firing of all the employees.

At trial, Evans stated that a number of times during the course of his employment he questioned Wayne Smith concerning his compensation. Evans sought to determine whether he was, in fact, being paid twenty-two and one-half percent of the gross profit for each trip and whether he was being compensated at the same rate as white truck drivers. Evans' inquiries went unanswered by Smith.

On September 4, 1978, Elaine Smith telephoned Evans at home. Mrs. Smith told Evans that "if we need you, we'll call you." Evans testified that he did not speak further with Mrs. Smith but interpreted the telephone call to mean that he was fired.

The next day, Evans went to the Davie Truckers' premises, removed his personal belongings from the truck he had been driving, and left without speaking to either of the Smiths. Subsequently, a separation notice which stated that Evans voluntarily quit was given to Evans when he picked up his final paycheck. According to Evans, he objected to the secretary who presented him the notice that he did not voluntarily quit, but he did not speak with the Smiths about the separation notice and had no other contact with them.

Thereafter, Evans filed a charge of racial discrimination in employment with the Equal Employment Opportunity Commission (the "EEOC"). The EEOC determined that there was no reasonable cause to believe that discrimination occurred and issued Evans a right to sue letter. Evans

then filed this civil rights action, alleging that Davie Truckers discriminated against him on account of his race by paying him less than it paid to whites, and that Davie Truckers unlawfully discharged him for complaining about that discrimination. Evans dropped his claim of disparate pay and proceeded at trial on his claim of retaliatory discharge.

The case was tried without a jury. Following the introduction of Evans' evidence, Davie Truckers moved for dismissal pursuant to Fed.R.Civ.P. 41(b). The trial court found that Davie Truckers did not terminate Evans in retaliation for his complaints about his compensation but that Evans had voluntarily resigned his employment, and it dismissed the action with prejudice. This appeal and cross-appeal followed.

## II.

On appeal, Evans contends that the district court erred in finding that he was not discriminatorily discharged in retaliation for his complaints that he was being compensated at a lower rate than white employees. We disagree.

In ruling on Davie Truckers' motion for dismissal, the district court found that Evans had failed to establish a prima facie case of retaliation. The district court stated that "[a]lthough the plaintiff established that he engaged in statutorily protected activity, the plaintiff failed to show that he suffered adverse employment action by the defendant." The district court concluded that Evans' evidence "clearly established that he voluntarily resigned his employment with the defendant, and, therefore, suffered no adverse employment action at the hand of the defendant."

■ Rule 52(a) of the Federal Rules of Civil Procedure provides that a trial court's "[f]indings of fact shall not be set aside unless clearly erroneous." The district

court's findings in this case are not clearly erroneous. The evidence adduced at trial was that Davie Truckers dispatched its trucks by telephone calls to the drivers' homes. The dispatcher commonly called drivers to put them "on call," i.e., the driver would be called when needed. Mrs. Smith was the dispatcher and was the person who placed Evans on call on September 4, 1978. Additionally, only Wayne Smith hired and fired the truck drivers. Evans did not question the Smiths about the fact that his separation notice stated that he voluntarily quit. All of this evidence supports the district court's finding that Mrs. Smith's telephone call to Evans was not a notice of termination but merely informed Evans of his standby status.

Under these circumstances, we cannot conclude that the district court's finding that Evans voluntarily quit was clearly erroneous. *See Anderson v. City of Bessemer City, N.C.,* —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Consequently, Evans is unable to demonstrate that Elaine Smith's telephone call constituted an adverse employment action—a necessary element to establish a prima facie case of retaliation. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985). We, therefore, conclude that the district court did not err in dismissing Evans' action.

■ Upon consideration of the record, briefs, and oral argument, we also reject Davie Truckers' contentions on cross-appeal as meritless for the reasons stated by the district court. *Evans v. Davie Truckers, Inc.,* C/A No. 82–1023–WS (M.D.N.C. August 27, 1984).*

## III.

On the basis of the foregoing, the judgment below is affirmed.

AFFIRMED

---

* The district court's final order held that each party was to bear its own costs. We find no abuse of discretion on the part of the district court in not awarding attorneys' fees to Davie Truckers.

BUTZNER, Senior Circuit Judge, concurring in part and dissenting in part.

Because there is merit in Evans' argument that he proved a prima facie case of retaliation in violation of 42 U.S.C. § 2000e–3, I would reverse and remand for further proceedings.

Evans was a truck driver for Davie Trucking Company. From time to time, he asked the company's president to explain how wages were computed. Evans observed white drivers with larger paychecks and asked the president if race explained the difference. Although the president told Evans that all drivers were equally compensated, Evans persisted in questioning the system of compensation. Many of Evans' inquiries were rebuffed by the president.

The dispatcher called Evans and informed him that "when we need you, we'll call you." When he went to the company the next morning to remove his personal gear, he found that employees junior to him had been assigned work. Four days after the dispatcher's call, Evans, who had not been contacted in the meantime, returned to pick up his paycheck. With it was a separation notice stating that he had voluntarily quit. Evans protested the voluntary quit statement to the office secretary, but he never spoke with the president or the dispatcher. Evans testified that he thought being put on standby meant he was fired, and he reiterated that he did not voluntarily quit.

After Evans rested his case, the district court granted the company's motion for dismissal pursuant to Fed.R.Civ.P. 41(b). The court ruled that Evans failed to establish a prima facie case because he had not proved that he suffered adverse employment action by the company. The court went on to find that Evans had voluntarily quit, and it dismissed the case without requiring the dispatcher or the president to explain why Evans was placed on standby while junior employees were assigned work. Nor did the district court require any explanation for the company's decision to treat Evans' termination as a voluntary quit, despite Evans' protests that he had not quit.

The district court did not have the benefit of a case we recently decided, *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir.1985), which sets forth the principles for determining whether an employee has established a prima facie case of retaliation. Citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981), *Ross* admonishes that "the burden of establishing a prima facie retaliation case 'is not onerous.'" 759 F.2d at 365. *Ross* explains that a prima facie case "consists of three elements: 1) the employee engaged in protected activity; 2) the employer took adverse employment action against the employee; and 3) a causal connection existed between the protected activity and the adverse action." 759 F.2d at 365.

Evans was entitled to wages equal to those paid white drivers for the same work. 42 U.S.C. § 2000e–2(a)(1). His inquiries about compensation were protected activity. Thus Evans satisfies the first element of a prima facie case.

The flaw in the district court's reasoning is its failure to perceive that putting Evans on standby, coupled with the assignment of junior employees to work that would otherwise have been assigned to him, was an adverse employment action. Although other drivers had from time to time been notified not to come in unless called, Evans had never previously received such a notice. Evans' work was satisfactory. He had always been assigned work when work was available. With respect to consecutive years of service, he was the senior driver. The record does not disclose a previous instance of placing a senior driver on standby while junior drivers worked. Insofar as the present record discloses, the only trouble with Evans, from the company's standpoint, was his persistent inquiry about

whether he was paid as much as white drivers for equal work. The company's act of placing him on standby while assigning work to junior drivers established proof of an adverse action. Thus Evans satisfied the second requirement for proving a prima facie case.

The third element in *Ross* is causation: "that the adverse action would not have occurred 'but for' the protected conduct." 759 F.2d at 366. A Title VII plaintiff will ordinarily ask a fact finder to infer causation from factual circumstances. The most probative indicators of causation at this stage of a trial often are unexplained acts by the employer. The Court emphasized the significance of unexplained adverse action against an employee in *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949–50, 57 L.Ed.2d 957 (1978):

> A prima facie case ... raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.... And we are willing to presume this largely because we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting.

The most important act in the present record is unexplained: what caused the company to place Evans, a senior driver, on standby on the eve of a busy day? The company was unable in its brief or at oral argument to point us to any fact in the record that explains this action. Because we are instructed to "presume these acts, if otherwise unexplained, are more likely than not based on the consideration of im-

permissible factors," *Furnco*, 438 U.S. at 577, 98 S.Ct. at 2949–50, Evans satisfied the third element of *Ross* and thus made a prima facie showing of retaliation. The district court erred in finding to the contrary.

I would vacate the judgment of dismissal and remand the case for further proceedings. On remand the district court should adhere to the sequence of proof and the burdens prescribed in *Ross*. After a prima facie case of retaliation has been established, the employer has the burden of producing a legitimate reason for the adverse action. The employee then has the ultimate burden of proving retaliation by showing that the employer's reason is pretextual. In this connection, the employee must show that the adverse action would not have occurred "but for" the protected conduct. *See Ross*, 759 F.2d at 366.

I do not know whether Evans ultimately can prevail. But he is entitled to have his statutory cause of action decided in the rational manner prescribed by law. The district court, lacking guidance from *Ross*, did not follow precepts that govern decision of a retaliation claim, and for this reason I dissent. I concur in the disposition of the cross-appeal.