Jo Beth **TINGLEY**, Appellant,

v.

**HENSON AVIATION, INC.**, Appellee.

No. 85–1236.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 11, 1985.

Decided April 24, 1986.

---

Oldric J. LaBell, Jr., Newport News, Va. (Marged G. Harris, Stephens & Harris, Williamsburg, Va., on brief) for appellant.

Jack E. Greer (Williams, Worrell, Kelly & Greer, Norfolk, Va., on brief), for appellee.

Before WINTER, Chief Judge, WIDENER, Circuit Judge, and BUTZNER, Senior Circuit Judge.

WIDENER, Circuit Judge:

This is an appeal from a judgment for the defendant in a Title VII case claiming sex discrimination. The trial court found that the plaintiff failed to meet her burden of showing that the defendant, Henson Aviation, Inc. (Henson), discriminated against her on the basis of her sex in its employment practices and its failure to promote her from first officer to captain. We affirm.

Henson operates a small commuter airline servicing airports in Maryland and Virginia. Its aircraft are manned by a captain and a first officer who is the co-pilot. Newly hired pilots fly as first officers for an unspecified period of time until there is an opening for a captain. At that time, the first officer with seniority goes through a trial period as lead pilot and an evaluation process in order to be trained and tested for the captain's position.

All pilots are evaluated periodically by Henson. The performance standard for a captain, however, is higher than that required of a first officer. Therefore, a pilot may perform satisfactorily as a first officer but not meet the qualifications for a captain.

Miss Tingley was the first female pilot hired by Henson, and served as a first officer for 1½ years before becoming senior enough to be considered for a captain's position. Her evaluations as a first officer were generally satisfactory but noted difficulty in handling stressful or unusual situations. She failed to qualify for the captain's test because her evaluations during the trial period continued to reflect an inability to react competently in the cockpit in situations of stress.

Rather than terminate her employment with the company, as is Henson's usual practice with first officers who fail to be promoted to captain, Henson allowed Miss Tingley to continue flying as a first officer.

At her request, Henson reevaluated her nine months later by questioning all the pilots with whom she was flying. Their collective judgment was that she continued to be qualified as a first officer but was unqualified to be upgraded to captain. She had the "inability to satisfactorily demonstrate proper procedures under adverse conditions." Henson and Miss Tingley then agreed to a program that essentially involved a year-long trial period as lead pilot and at the end of which she would be reevaluated. Midway through the program, at Miss Tingley's request, Henson evaluated her a third time. After failing to be upgraded, Miss Tingley declined to continue in the trial period program and requested a leave of absence.

Henson subsequently suspended and terminated her due to her refusal to meet with management, her refusal to continue in the trial period program, her continued inability to qualify for the captain position, and her poor attitude.

Miss Tingley alleged sexual discrimination by Henson both in its employment practices and in its failure to promote her.

To make out a prima facie case under Title VII, Miss Tingley only needed to show: that she was a female; that she was qualified for the promotion she sought; that she was denied the promotion; and that the position she sought remained open and was filled with an applicant of equal general qualifications. *Page v. Bolger,* 645 F.2d 227, 229 (4th Cir.1981). *Cf. McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) (failure to hire). A plaintiff must establish

these factors by a preponderance of the evidence. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). Alternately, a plaintiff may offer direct evidence of discriminatory intent.

At the end of the plaintiff's case, the trial court found that Miss Tingley failed to establish by a preponderance of the evidence that she was qualified for the position that she sought. The court found no direct evidence of discriminatory intent and concluded that she had not proven a prima facie case. Judgment for the defendant followed.

In a case such as this, where judgment for the defendant is entered at the close of plaintiff's evidence, the case is considered under FRCP 41(b), Involuntary Dismissal: Effect thereof. A consideration under Rule 41(b) draws in the clearly erroneous standard of FRCP 52(a). The trial court's fact finding as to whether or not a prima facie case is established at the close of the plaintiff's evidence many not be upset unless clearly erroneous under FRCP 52(a). *B's Company, Inc. v. B.P. Barber & Assoc., Inc.,* 391 F.2d 130 (4th Cir.1968). 9 Wright & Miller, Federal Practice and Procedure § 2376 (1971). See *Evans v. Davie Truckers, Inc.,* 769 F.2d 1012 (4th Cir. 1985), applying the rule.

In a careful and thorough review of the evidence, the district court found that the plaintiff had failed to prove by a preponderance of the evidence that she was qualified for the captain's position. It also found that the promotion practices of the defendant for male and female pilots was the same and that if there had been any discrimination by the defendant, it was in favor of the plaintiff.

The principal item which disqualified the plaintiff was her failure to function efficiently under stress. Mention of some of the comments of the captains who commented on her performance over a period of about two years (August 1981–June 1983) is more than sufficient to support that finding. For example: "Seems to have trouble landing aircraft in crosswinds;" "Difficulty in determining final

heading to maintain course due to high speed and slow intercept reaction;" "during a string of IFR days, she was having a lot of difficulty setting up for and executing approaches;" "she can get critically nervous in a tight situation;" "her hands on the yoke were shaking like a leaf in a 40-knot breeze. She later told me she wasn't comfortable with the circling approach for fear of a stall in the turn that close to the ground;" "Is not always clearly in control;" "allows situations to get out of hand, e.g., in crosswinds, turbulence, fast approaches requested by ATC;" "She freezes on the controls. She cannot cope satisfactorily with situations other than normal;" "She displays poor flying ability when the weather is anything but calm;" "At times the aircraft was a little too much for her."

In this respect, particularly since the plaintiff was a candidate to be the captain of an aircraft with life and property in her immediate control in all kinds of difficult, unusual, and emergency situations, the comments of the district court in the course of its decision seem particularly apt:

> "I cannot imagine any field in which subjective evaluations are more necessary and more important. The observation of a captain of the reaction time of a pilot, whether or not a pilot is flying behind the plane or is on top of the plane, are all matters of coordination that can only come from observation, through years of experience, a matter of split-second timing, split-second decisions, which I do not think are subject to some sort of a mechanical or mathematical evaluation."

The plaintiff, as the district court found, initially was subjected to the same evaluation procedure as were the male candidates for captain. That procedure was altered considerably in her favor by permitting her to continue as a co-pilot and go through the program a second time upon her unsuccessful completion of it the first time through.

While we have considered all of the assignments of error and find them to be without merit, we emphasize that the plaintiff may not prevail here unless the fact finding of the district court was clearly

erroneous. We are of opinion that the district court's fact finding was not clearly erroneous and was fully supported by the record. We also are of opinion that the district court did not err in its application of the law.

The judgment of the district court is AFFIRMED.