826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. McDOWELL, Appellant,
v.
HUNTINGTON FEDERAL SAVINGS AND LOAN ASSOCIATION, a
corporation; Paul Ashcraft, Appellees.
 No. 86-2503.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 22, 1987.
Decided July 31, 1987.
 
 James E. McDowell, appellant pro se.
 Andrew H. Miller, Flynn, Max, Miller & Tony, for appellees.
 Befire WIDENER and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James E. McDowell brought suit alleging that Huntington Federal Savings and Loan Association violated the Fair Housing Act, 15 U.S.C. Sec. 3505, et seq., the Equal Credit Opportunity Act, 15 U.S.C. Sec. 1691, et seq., and 42 U.S.C. Secs. 1981 and 1982 when it refused to refinance certain loans it had previously made to McDowell. The district court, hearing the case without a jury, involuntarily dismissed the suit after determining that McDowell had failed to present a prima facie case of racial discrimination. McDowell appeals; we affirm.
 
 
 2
 This court reviews involuntary dismissals under a "clear error" standard. Tingley v. Henson Aviation, Inc., 789 F.2d 275, 277 (4th Cir. 1986). Under this standard, the district court's finding that McDowell failed to establish a prima facie case may not be upset unless clearly erroneous under Fed. R. Civ. P. 52(a). Tingley, 9 F.2d at 277.
 
 
 3
 After a careful review of the record, we agree with the district court that McDowell failed to present substantial evidence which shows a probability and not a mere possibility of proof that Huntington Federal's decision not to refinance McDowell's loans was racially motivated.
 
 
 4
 McDowell, as the district court found, initially was able to negotiate eleven loans With Huntington Federal; at that point, McDowell's debt service consumed sixty percent of his gross income. Had Huntington Federal agree to refinance the loans as McDowell wished, McDowell's debt service would have been at eighty percent of his gross income. We agree with the district court that this factor, along with McDowell's demonstrated inability to meet the rehabilitation standards and deadlines, was why Huntington Federal declined McDowell's requests to refinance the loans. The district court's conclusion that McDowell failed to present a prima facie case of racial discrimination was not clearly erroneous.
 
 
 5
 McDowell's other arguments are without merit. We specifically find no abuse of discretion in the district court's order denying McDowell's motion to amend his complaint twelve days before the scheduled trial date.
 
 
 6
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.