**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

**and**

**Darlene Walters, Plaintiff–Intervenor,**

**v.**

**METROPOLITAN EDUCATIONAL ENTERPRISES, INC. and Leonard Bieber, Defendants.**

No. 93 C 2099.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 30, 1994.

Sharon Ann Seeley, John C. Hendrickson, U.S. E.E.O.C., and Gregory M. Gochanour, E.E.O.C., Chicago, IL, for plaintiff.

Constantine John Gekas and Adrianne S. Harvitt, Harvitt & Gekas, Ltd., Chicago, IL, for intervenor plaintiff.

Patrick Joseph Falahee, Jr., Chicago, IL, for defendant.

### MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiff United States Equal Employment Opportunity Commission (EEOC) and plaintiff-intervenor Darlene Walters (Walters) bring this action against Metropolitan Educational Enterprises, Inc. (Metropolitan) and Leonard Bieber (Bieber). Plaintiffs allege that Metropolitan and Bieber refused to promote Walters because of her sex and terminated her in retaliation for filing discrimination charges with the EEOC, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Walters also complains of retaliatory discharge and breach of her employment contract, in violation of Illinois law. Defendants maintain that this court lacks both federal jurisdiction over the Title VII claims and pendent jurisdiction over the state law claims because Metropolitan is not an "employer" within the meaning of Title VII. Before this court is defendants' motion to dismiss the case for lack of subject matter jurisdiction. For the reasons stated below, defendants' motion is granted.

### DISCUSSION

■ The threshold issue in this case is whether Metropolitan qualifies as an "employer" under Title VII. This involves an interpretation of section 701(b) of Title VII, which provides that

[t]he term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and any agent of such a person ...

42 U.S.C. § 2000e(b). For the purposes of § 701(b), the "current year" means the year in which the alleged discrimination occurred. *Norman v. Levy,* 756 F.Supp. 1060, 1062 n. 3 (N.D.Ill.1990), citing *Dumas v. Town of Mount Vernon,* 612 F.2d 974, 979 n. 4 (5th

Cir.1980), *overruled on other grounds, Larkin v. Pullman–Standard Div., Pullman, Inc.,* 854 F.2d 1549 (11th Cir.1988). Walters alleges that she was denied a promotion and then terminated in retaliation for filing a charge of discrimination with the EEOC in 1990. Accordingly, 1989 and 1990 are the years at issue in this case.

The parties have entered into certain stipulations regarding the number of employees employed by Metropolitan in the calendar year 1989, as well as the number of full- and part-time employees on Metropolitan's payroll in 1990, and the number of weeks that fifteen or more of these employees were working or were on paid leave in 1990. It is stipulated that defendants did not have fifteen or more employees working or on paid leave on each working day of twenty or more weeks during 1989 (Stip., ¶ 13). Metropolitan therefore does not fall within Title VII's definition of "employer" for 1989. The parties have also stipulated that Metropolitan had fifteen or more employees on its payroll for forty-seven weeks in 1990, but that in only nine of those weeks were there fifteen or more employees actually present at work or on paid leave on each working day of the week (Stip., ¶¶ 11–12).

■ The dispute in this case centers on the method of counting employees for Title VII purposes. Both sides agree that salaried employees are deemed employees for every day of the week they are on the payroll, regardless of whether they are actually at work on a particular day. They disagree, however, on the status of part-time or hourly workers. Defendants maintain that the court is required to follow the method of counting employees set forth in *Zimmerman v. North American Signal Co.,* 704 F.2d 347, 353–54 (7th Cir.1983), and applied by this court in *Norman v. Levy,* 767 F.Supp. 1441, 1449 (N.D.Ill.1991). The EEOC, on the other hand, argues that *Zimmerman* was wrongly decided and that the court should employ a different method for counting employees.[1]

---

1. Plaintiff-intervenor Walters has conceded that, under *Zimmerman,* Metropolitan is not considered an "employer" for Title VII purposes. She acknowledges that this case must therefore be dismissed for lack of subject matter jurisdiction and that she must then ask the Seventh Circuit to reconsider *Zimmerman.*

The plaintiff in *Zimmerman* advanced the theory that all hourly and part-time workers should be counted as employees under the Age Discrimination in Employment Act (ADEA) for each week that they are on the payroll. *Zimmerman,* 704 F.2d at 353. The Seventh Circuit rejected this interpretation. It held that hourly and part-time workers are considered employees under the ADEA only on days when they are either physically present at work or on paid leave. *Id.* at 353. The court based this finding on the language in section 11 of the ADEA, which provides that an employer must have twenty or more employees for *each working day* of a week before that week can be counted toward the jurisdictional minimum. *Id.* at 353–54. The court reasoned that the plaintiff's proffered interpretation would render the "for each working day" language meaningless surplusage. *Id.*

The EEOC maintains that *Zimmerman* is contrary to the language, intent and purpose of Title VII and the ADEA. The EEOC alleges that public policy, principles of statutory construction, and Title VII's legislative history suggest that the method of counting employees should focus on whether an employee is on the employer's payroll rather than the employee's particular work schedule. The EEOC points to a number of decisions that have adopted the method of counting employees that the EEOC advocates, *see Evans v. Davie Truckers, Inc.,* 38 Fair Empl. Prac.Cas. (BNA) 1553, 1554 (M.D.N.C.1984), *aff'd,* 769 F.2d 1012 (4th Cir.1985); *Thurber v. Jack Reilly's, Inc.,* 717 F.2d 633, 634–35 (1st Cir.1983), *cert. denied,* 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984); *Pascutoi v. Washburn–McReavy Mortuary, Inc.,* 11 Fair Empl.Prac.Cas. (BNA) 1325, 1327, 1975 WL 3615 (D.Minn.1975), *aff'd,* 566 F.2d 1178 (8th Cir.1977), and others which soundly criticize the approach adopted in *Zimmerman, see e.g., Wright v. Kosciusko Medical Clinic,* 791 F.Supp. 1327, 1332 (N.D.Ind.1992). The EEOC asks that this court modify the holding of *Zimmerman* to include all employees on the payroll, regardless of whether they were actually at work on a particular day.

▮ This court cannot, however, modify Seventh Circuit precedent. That issue is properly left to the Seventh Circuit on appeal. It is true that *Zimmerman* was an ADEA case, while this case involves Title VII; accordingly, *Zimmerman* is not binding authority *per se.* Nonetheless, it is well settled that cases interpreting Title VII can be used in interpreting the ADEA, and vice versa. "Because Title VII and the ADEA share 'a similar purpose—to stamp out discrimination in various forms—cases construing the definitional provisions of one [statute] are persuasive authority' when interpreting the provisions of the other." *Hayden v. La–Z–Boy Chair Co.,* 9 F.3d 617, 619 (7th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1371, 128 L.Ed.2d 47 (1994), quoting *Hyland v. New Haven Radiology Assoc., P.C.,* 794 F.2d 793, 796 (2d Cir.1986), citing *Lorillard v. Pons,* 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978) ("the prohibitions of the ADEA were derived *in haec verba* from Title VII"). While the Seventh Circuit has not addressed this issue in the context of Title VII, § 11 of the ADEA and § 701(b) of Title VII are virtually identical. We will therefore apply the employee counting method first set forth in *Zimmerman* and later applied in the Title VII context by this court in *Norman v. Levy,* 767 F.Supp. 1441, 1449 (N.D.Ill.1991).

The parties have stipulated that there were fifteen employees either present at work or on paid leave each day of the working week for only nine weeks of 1990 (Stip., ¶ 11). Since this falls below the jurisdictional minimum of twenty weeks, Metropolitan cannot be subject to Title VII liability for the calendar year 1990.

### CONCLUSION

Metropolitan does not qualify as an employer under Title VII. The court therefore lacks jurisdiction over the subject matter of this case. The case is dismissed with prejudice.