37 F.3d 1493
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Fatmata FOFANA, Plaintiff-Appellant,
v.
GIANT FOOD, INC., Defendant-Appellee.
 No. 91-1576.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided Oct. 19, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey II, Senior District Judge. (CA-90-1206-H)
 Fatmata Fofana, Appellant Pro Se.
 John Peter McKenna, O'Malley & Miles, Upper Marlboro, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Fatmata Fofana appeals the district court's entry of judgment in favor of Giant Food, Inc., in this action alleging employment discrimination and a related state law claim. Finding no error, we affirm.
 
 
 2
 Fofana worked for Giant as a data entry clerk from July 11, 1988, until she was fired on October 5, 1988. In her Amended Complaint, Fofana asserted that she was harassed and terminated on the basis of her race, black, and national origin, Sierra Leone, in violation of 42 U.S.C. Sec. 1981 (1988) and Title VII of the Civil Rights Act of 1964, as amended, 41 U.S.C. Sec. 2000e-2 (1988). Additionally, Fofana raised a state claim of intentional infliction of emotional distress.
 
 
 3
 At the close of Fofana's evidence, the district court granted Defendant's motion for directed verdict on the state claim and the Sec. 1981 claim. We review the grant of the directed verdicts de novo. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985). In this case, because the harassment and discharge claims do not relate to the making of the employment contract, dismissal of the Sec. 1981 claims was proper. See Patterson v. McLean Credit Union, 491 U.S. 164, 175-85 (1989); Williams v. First Union Nat'l Bank, 920 F.2d 232, 234 (4th Cir.1990))* cert. denied, 500 U.S. 953 (1991).
 
 
 4
 Further, no reasonable mind could find, on the evidence presented, that Fofana established a prima facie case of intentional infliction of emotional distress under Maryland law. She showed neither that the conduct alleged was outrageous or extreme nor that she suffered severe distress. See Abrams v. City of Rockville, 596 A.2d 116, 120 (Md.App.1991). Accordingly, we find that the district court correctly directed a verdict on this claim.
 
 
 5
 At the close of the evidence, the district court also granted Defendant's Fed.R.Civ.P. 41(b) motion for involuntary dismissal. The court's decision will be overturned only if clearly erroneous. Tingley v. Henson Aviation, Inc., 789 F.2d 275, 277 (4th Cir.1986). In this case, we agree with the court's determination that Fofana did not establish a prima facie case either of harassment or discriminatory discharge. See Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir.1989); Taylor v. Jones, 653 F.2d 1193, 1197-99 (4th Cir.1981).
 
 
 6
 It is clear from the record, as the district court found, that Fofana was discharged at the expiration of her probationary period with Defendant because of an unacceptable number of errors in her work. Further, there was absolutely no proof that Fofana was treated differently from any other employee on the basis of race or national origin. In fact, a white employee also was discharged during her probationary period because her work product was unsatisfactory.
 
 
 7
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED
 
 
 *
 The recent amendments to the Civil Rights Act, which presumably would make these claims actionable under Sec. 1981, are not retroactive. See Rivers v. Roadway Express, Inc., 1994 WL 144506 (U.S. Apr. 26, 1994)