(No. 38451.—

WALTER W. SINCLAIR, Appellant, *vs.* SULLIVAN CHEVRO-
LET COMPANY, Appellee.

*Opinion filed November 24, 1964.*

APPLEMAN & ZIMMERLY, of Champaign, (PHILIP C.
ZIMMERLY, of counsel,) for appellant.

BUSCH, HARRINGTON & PORTER, of Champaign, (EARL
C. HARRINGTON and THOMAS E. HARRINGTON, of coun-
sel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This action was instituted in the circuit court of Champaign County by Walter E. Sinclair, plaintiff, to recover damages for an alleged breach of an employment contract committed by the defendant, Sullivan Chevrolet Company. Summary judgment was entered on defendant's motion and, upon review, the Appellate Court for the Fourth District affirmed the judgment. (*Sinclair* v. *Sullivan Chevrolet Co.* 45 Ill. App. 2d 10, 195 N.E.2d 250.) Leave to appeal has been granted by this court.

In his amended complaint the plaintiff alleged that on May 30, 1960, he entered into an oral contract with the defendant whereby he was to be employed as sales manager for a one-year period starting June 6, 1960. According to further allegations, plaintiff was to receive a salary of $1,200 per month plus a bonus to be later agreed upon but with a guaranteed minimum annual remuneration of $20,-000. In addition, the employer was to pay plaintiff's moving expenses, provide him with a company automobile, and reduce the agreement to writing on June 6, 1960. It is further alleged that said representations were falsely made by the defendant without intention of performance, but this being unknown to the plaintiff, he quit his job in St. Louis, moved his family to Champaign, and assumed his duties pursuant to the agreement. However, defendant did not abide by said agreement, as a result of which plaintiff terminated his employment on March 18, 1961. He claimed damages of $12,527.

In support of its motion for summary judgment, defendant presented the affidavits and depositions of Giles Sullivan and Robert Neely, Jr., the president and vice-president, respectively, of Sullivan Chevrolet Company, wherein they stated that in accordance with the oral agreement, Sinclair was paid $1,200 per month, was furnished a company car, and was loaned money with which to pay the moving expenses. They denied that Sinclair was guaran-

teed $20,000 or that they had any intentions not to perform the agreement when made on May 30, 1960. Affiants also denied that they refused at any time to put the agreement in writing, but asserted that the delay was caused by the failure to agree on a satisfactory bonus arrangement.

Defendant also presented the deposition of plaintiff, wherein the latter stated that the oral contract, which he negotiated with Sullivan and Neely, provided for a $1,200 per month salary plus a year-end bonus in an amount sufficient to bring his total earnings to at least $20,000 per year. However, no bonus was paid and when he was questioned by Sullivan about certain difficulties he had with a General Motors representative, plaintiff quit and returned the company automobile he had been using. In his cross-affidavit, plaintiff acknowledged that there was friction between himself and his employer over management matters when he terminated his employment but he maintained that his foremost reason for quitting was defendant's failure to pay the agreed remuneration.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1961, chap. 110, par. 57) provides for summary judgment if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Defendant contends that the enforcement of this oral contract is prohibited by the Statute of Frauds, (Ill. Rev. Stat. 1961, chap. 59, par. 1,) since the agreement was not to be performed within the space of one year from the making thereof. On the other hand, plaintiff insists that the corporation is estopped from asserting such defense by reason of its prior misrepresentations. Thus, we must now decide whether the present action is barred as a matter of law.

It is agreed that either on May 30 or May 31 plaintiff was employed for a one-year period starting June 6, 1960. This was a contract which could not on the date made have been performed within a year, and it was therefore of the

class generally made unenforceable by the Statute of Frauds. (*Chadwick* v. *Morris & Co.* 170 Ill. App. 569; *Haynes* v. *Mason,* 30 Ill. App. 85; Restatement of the Law of Contracts, § 198.) However, in certain instances where fraud or material misrepresentation has occurred, the guilty party may be estopped to assert this particular defense. (*Loeb* v. *Gendel,* 23 Ill.2d 502; *National Importing and Trading Co.* v. *Bear & Co.* 324 Ill. 346.) As we pointed out in *Ozier* v. *Haines,* 411 Ill. 160, the doctrines of equitable estoppel and the statute of frauds have developed side by side, each for the ultimate purpose of preventing fraud and injustice. Whereas the former has sprung from the unwritten law, the latter is the weapon forged by the written law to combat these evils. (59 Am. Jur., Statute of Frauds, sec. 581.) Nevertheless, each doctrine must be given its own field of operation and neither should be allowed to dominate the other.

In order to invoke the doctrine of equitable estoppel, there must appear, among other things, words or conduct by the guilty party amounting to a misrepresentation or concealment of a material fact. (*Ozier* v. *Haines,* 411 Ill. 160; *Lowenberg* v. *Booth,* 330 Ill. 548.) To be actionable, a false representation must generally relate to an existing or past event, not to a promise or prognostication concerning a future happening, (*Brodsky* v. *Frank,* 342 Ill. 110; *Bielby* v. *Bielby,* 333 Ill. 478,) and although fraudulent intent is not essential to the doctrine of estoppel, these same considerations have prevented its application where an individual is charged with having failed to comply with an oral agreement rendered unenforceable by statute or to honor his verbal promise to reduce such an agreement to writing. *Ozier* v. *Haines,* 411 Ill. 160; 37 C.J.S., Statute of Frauds, §§ 243 and 247.

When the instant contract was entered into, there appears to have been no concealment or misrepresentation

of fact but mere oral promises concerning future performances which the law did not regard as binding. We hold that the present suit was barred by statute as a matter of law and that the trial court was correct in granting summary judgment for the defendant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*