David J. EVANS, Plaintiff-Appellant,

v.

FLUOR DISTRIBUTION COMPANIES, INC., Defendant-Appellee.

No. 85–2296.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1986.

Decided Aug. 26, 1986.

Steven Rosenberg, Chicago, Ill., for plaintiff-appellant.

William T. Coleman, Flahery & Whalen, P.C., Chicago, Ill., for defendant-appellee.

Before WOOD and EASTERBROOK, Circuit Judges, and BARKER, District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff-appellant David J. Evans appeals the district court's grant of summary judgment in favor of defendant-appellee Fluor Distribution Companies, Inc. ("Fluor"). Evans alleges that his employment was wrongfully terminated in violation of oral promises made by Fluor.[1] The

---

* The Honorable Sarah Evans Barker, District Judge for the Southern District of Indiana, is sitting by designation.

1. Evans also claimed that his termination breached Fluor's duty of good faith and fair dealing imposed upon his employment agreement by California law. The district court ruled, contrary to Evans's contention, that Illinois law governed in this case and that Illinois law did not recognize a covenant of good faith and fair dealing in the employee-employer relationship. The court therefore granted summary judgment on this claim in favor of Fluor. On appeal, Evans does not challenge either the decision regarding the applicability of Illinois law to this case or the ruling with respect to the alleged covenant of good faith and fair dealing. Accordingly, we express no opinion regarding the district court's resolution of these issues.

court ruled that the Illinois statute of frauds precluded Evans's action. We affirm.

## I.

For purposes of our review of the district court's order granting summary judgment, we will construe the facts alleged in the light most favorable to the plaintiff-appellant, David Evans. Evans was employed by Kilsby-Roberts, a wholly-owned subsidiary of Fluor (or its predecessor companies), for approximately twenty-five years before his termination. Prior to 1981, Evans had spent approximately one-half of his time in his employer's Chicago office and the remainder of his time travelling between numerous branch offices in various states and the corporate office which is located in Irvine, California. At the time of his termination, Evans was a vice-president of Kilsby-Roberts.

In late 1981, Evans's son was injured in a swimming accident and is now a quadriplegic. Several days after the accident, Sid Entin, who was then president of Kilsby-Roberts, telephoned Evans from California. Evans was told that because of his son's injury his travel schedule would be reduced significantly. Evans also testified that Entin told him that he would be able to keep his position with Kilsby-Roberts until age sixty-five. At the time this promise was made, Evans was sixty-two and would not be sixty-five until January 1984. It is uncontested that the substance of this agreement was never reduced to writing.

Evans also testified that several senior Fluor executives were informed of and approved the promise Entin made to Evans. In fact, in June 1982, Evans was told that, although Entin was no longer with the company, his promise to Evans would be honored.

As a result of these promises, Evans testified that he made several changes to his home necessary both to care for his son and to allow him to remain employed in Chicago. Evans noted that Chicago winters were difficult for his son because of his susceptibility to colds and inability to breathe in cold weather. As a result of his son's accident, Evans was forced to remodel his home to accommodate his son's special needs, purchase a van which was wheelchair accessible, and hire a private nurse to help care for his son while Evans was away on business.

In December 1982, prior to reaching his sixty-fifth birthday, Evans was given the choice of either accepting early retirement or being fired. Evans chose early retirement which was effective February 1, 1983. Thereafter Evans filed suit alleging that he had been wrongfully terminated. The district court, finding no legal basis for Evan's lawsuit, granted Fluor's motion for summary judgment. Evans appeals the district court's decision.

## II.

In pertinent part, Fed.R.Civ.P. 56(c) provides that the district court grant summary judgment if "there is no genuine issue as to any material fact" and if "the moving party is entitled to a judgment as a matter of law." In this case, we must therefore determine whether the district court erred in concluding that, as a matter of law, Evans's action was barred by the Illinois statute of frauds.

In relevant part, Ill.Ann.Stat. ch. 59, ¶ 1 (Smith-Hurd 1972 and 1986 Supp.) provides:

No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

It is settled under Illinois law that to be outside of the statute of frauds the oral contract in question must be capable of being performed within one year. *See Martin v. Federal Life Insurance Co.*, 109 Ill.App.3d 596, 604, 65 Ill.Dec. 143, 440 N.E.2d 998 (1st Dist.1982); *Gilliland v. Allstate Insurance Co.*, 69 Ill.App.3d 630,

633, 26 Ill.Dec. 444, 388 N.E.2d 68 (1st Dist.1979). As we recently noted, however, this means only that the contract must be incapable of being performed within one year if it is to fall within the statute of frauds; "if performance [within one year] though unlikely is possible, that is enough to take the agreement outside the grasp of the statute." *Goldstick v. ICM Realty,* 788 F.2d 456, 464 (7th Cir.1986).

■ This possibility is of small matter, however, since as the district court found it is undisputed that the agreement in question here was not capable of being fully performed in one year. Nor does Evans contest the fact that his agreement with Fluor was never put into writing. Although conceding these points, Evans nonetheless contends that his agreement is not barred by the statute of frauds.

His first argument is that the statute is inapplicable in cases where the promisor admits the existence of the oral contract. Evans maintains that Fluor admits that it made the promise of continued employment and then cites several cases which he contends stand for the proposition that the statute of frauds will not preclude the enforcement of an oral contract where the promise has been admitted. For its part, Fluor maintains that it never admitted the existence of an enforceable oral promise which provided for Evans's continued employment through age sixty-five.

■ Ordinarily, and assuming for the sake of argument that Evans's summary of the relevant law is correct, such a disagreement over the pertinent facts, if substantiated by the record, would necessitate our reversing the district court's grant of summary judgment. We need not reach the issue of whether the district court erred on this point, however, since Evans failed to raise his argument in that court. It is well-established that an issue not raised in the district court is waived on appeal. *Mattingly v. Heckler,* 784 F.2d 258, 261 n. 2 (7th Cir.1986); *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Keystone Consolidated Industries, Inc.,*

782 F.2d 1400, 1404 n. 1 (7th Cir.1986); *Christmas v. Sanders,* 759 F.2d 1284, 1291 (7th Cir.1985). *See Chesapeake and Ohio Railway Co. v. Illinois Central Gulf Railroad Co.,* 564 F.2d 222, 226 (7th Cir.1977) (*cert. dismissed*) (noting that the appellate court will not generally consider an issue not raised in the trial court; "[t]his is particularly true when an appellant asks us to reverse a district court decision on the basis of a new theory of liability not presented below.").

■ Although conceding that "the precise point was not argued" in the district court, Evans nonetheless maintains that this court should examine his contention that the statute of frauds does not bar his claim since Fluor admitted making the oral promise. Evans states that the admission argument is so closely related to his claim based upon promissory estoppel, which he maintains was fully briefed in the district court, that the admission argument was in fact implicitly raised. We disagree. The elements necessary to establish promissory estoppel do not have a sufficient relationship with Evans's admission claim to allow us to find that by raising the former the latter was necessarily preserved for appeal. In the alternative, Evans contends that this court has the discretion to allow legal issues to be raised for the first time on appeal where not doing so would result in manifest injustice. Although we have considered such arguments in the past, *e.g.,* *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1333–34 (7th Cir.), *cert. denied,* 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977), Evans advances no basis for our taking such a tack in the present case other than the bare assertion that our failure to do so, even though Fluor adamantly denies admitting the existence of an enforceable promise, "would promote an obvious miscarriage of justice." Moreover, Evans presents no sufficient reason justifying his failure to raise the issue in the district court. Under these circumstances, we see no justification for departing from our long-held and well-founded rule to allow

Evans to raise an additional basis for liability at this late date.

Evans also argues that even if he waived his admission of promise argument, the district court nonetheless erred in rejecting his claim based upon promissory estoppel. To state a claim based upon promissory estoppel in Illinois a plaintiff must plead that a promise was made to him, that the promisor expected through the promise to induce action or forbearance, that the promise induced such action or forbearance, and that injustice can only be avoided by enforcement of the promise. *E.g., Bank of Marion v. Robert "Chick" Fritz, Inc.,* 57 Ill.2d 120, 124, 311 N.E.2d 138 (1974). In the present case, the district court found that Evans failed to plead the necessary elements to support a claim based upon promissory estoppel. Our review of the record indicates, as the district court concluded, that the only element Evans pleaded was that a promise was made by Fluor with respect to his continued employment. In essence, Evans's sole claim was for breach of an employment contract. The issue of promissory estoppel was raised for the first time in Evans's reply to Fluor's motion for summary judgment, even though by that time Evans had had over six months to amend his complaint to include a claim of promissory estoppel.

Fluor argues that we should now refuse to consider Evans's promissory estoppel claim since he failed to raise it in the district court. Evans counters by noting that although his complaint may not have been "artfully" constructed, "every aspect of this case has made [his] theory obvious." We recognize, as Evans points out, that the district court did not rely solely on the pleading defect to reach its decision, but rather held in the alternative that even if promissory estoppel had been properly pleaded it would have been to no avail.

After reviewing the record, however, we have reason to question Evans's assertion that his claim based upon promissory estoppel was made "obvious" throughout the litigation in the district court. We are therefore hesitant to even reach Evans's contention that the trial court erred in rejecting the promissory estoppel claim on its merits.

Even if we were to accept Evans's argument that promissory estoppel in fact formed the basis of his action, we would nonetheless agree with the district court that this doctrine does not serve as an exception to the statute of frauds in Illinois under the circumstances of this case. In *Ozier v. Haines,* 411 Ill. 160, 103 N.E.2d 485 (1952), a pre-Uniform Commercial Code sale of goods case, the Illinois Supreme Court held that promissory estoppel is not a viable exception to the statute of frauds. 411 Ill. at 162–67, 103 N.E.2d 485. Although, as we noted in *Goldstick,* 788 F.2d at 464, *Ozier* preceded the modern development of the doctrine of promissory estoppel, the Illinois Supreme Court has since implicitly rejected the application of the doctrine to overcome a statute of frauds defense in a case arising outside of the U.C.C. *See Sinclair v. Sullivan Chevrolet Co.,* 31 Ill.2d 507, 510, 202 N.E.2d 516 (1964) (holding that only "fraud or material misrepresentation" relating "to an existing or past event, not to a promise or prognostication concerning a future happening," will estop a party from asserting the statute of frauds as a defense).[2] *See also Libby-Broadway Drive-In, Inc. v. McDonald's System, Inc.,* 72 Ill.App.3d 806, 810–11, 28 Ill.Dec. 802, 391 N.E.2d 1 (1st Dist.1979); *Ceres Illinois, Inc. v. Illinois Scrap Processing, Inc.,* 130 Ill.App.3d 798, 86 Ill.Dec. 48, 474 N.E.2d 1245 (1st Dist. 1984). Of equal importance for this case is the fact that *Sinclair* involved a contract

---

**2.** In both *Ozier* and *Sinclair* the Illinois Supreme Court held that equitable estoppel, as opposed to promissory estoppel, would not be subject to the statute of frauds defense. "'Equitable estoppel' as defined in [those cases] is similar to promissory estoppel in all but one element: the gravamen of equitable estoppel is

material misrepresentation of past or present circumstances. Promissory estoppel, in contrast, merely requires the allegation of a promise." *R.S. Bennett & Co. v. Economy Mechanical Industries, Inc.,* 606 F.2d 182, 187 (7th Cir.1979) (citations and footnote omitted).

for employment and, accordingly, is directly on point with respect to Evans's claim.[3]

Evans does, however, cite several cases which seem, at first glance, to support his position, including *Jenkins & Boller Co. v. Schmidt Iron Works, Inc.*, 36 Ill.App.3d 1044, 344 N.E.2d 275 (2d Dist.1976) and our decision in *R.S. Bennett & Co. v. Economy Mechanical Industries, Inc., supra.* See also *Hux v. Woodcock*, 130 Ill.App.3d 721, 86 Ill.Dec. 44, 474 N.E.2d 958 (5th Dist.1985). In *Jenkins*, the court, in considering the application of promissory estoppel in the context of construction industry bids, apparently concluded that the U.C.C.'s statute of frauds provision, Ill. Ann.Stat. ch. 26, ¶ 2–201(1) (Smith-Hurd 1963 and 1986 Supp.),[4] would not preclude the plaintiff's action premised on promissory estoppel. 36 Ill.App.3d at 1046–48, 344 N.E.2d 275. Relying on *Jenkins*, this court in *Bennett* reached the same conclusion in a similar case also governed by the U.C.C. 606 F.2d at 188. In so ruling, however, we noted that although "[t]he scope of the statute of frauds *applicable to sales of goods* has narrowed considerably since *Ozier,*" the general statute of frauds which controlled in *Sinclair* in the context of an employment contract has "not changed significantly" since that case was decided. 606 F.2d at 188 and n. 6 (emphasis added).

Moreover, although limited to cases arising under the U.C.C., the decision in *Bennett* has been criticized since it arguably does not represent "a correct statement of Illinois law." *Goldstick*, 788 F.2d at 464. In *Libby-Broadway, supra,* for example, the court noted that *Jenkins*, upon which

we placed heavy reliance in *Bennett*, was actually a case outside of the statute of frauds as opposed to one in which promissory estoppel had served as an exception to the statute. 72 Ill.App.3d at 810–11, 28 Ill.Dec. 802, 391 N.E.2d 1. Relying on this observation, among others, the panel in *Goldstick* accordingly concluded that it regarded the decision in *Bennett* "as open for reexamination." 788 F.2d at 466.

In the end, the only conclusion that can be drawn from all of this is that there is arguably some question with respect to whether the Illinois Supreme Court would allow a party to raise the statute of frauds as a defense in an action premised upon promissory estoppel, especially in cases arising under the U.C.C. Nonetheless, the decision in *Sinclair* remains good law and there has been no clear indication that the Court is planning to change its course with respect to that decision. As we noted in *Goldstick*, there appear to be "only two recent cases in which [the Illinois Supreme Court] dealt with the statute of frauds, and though in both the defense was rejected, they do not provide strong evidence that the [C]ourt has been swept up in the 'constant erosion' that has eaten away the statute in other jurisdictions." 788 F.2d at 466 (citing *Sierens v. Clausen*, 60 Ill.2d 585, 328 N.E.2d 559 (1975); *Lee v. Central National Bank & Trust Co.*, 56 Ill.2d 394, 308 N.E.2d 605 (1974)). We are also inclined to give substantial deference to Judge Holderman's view that the statute of frauds will serve as a defense to a claim based upon promissory estoppel in the employment context. *See Goldstick*, 788 F.2d at 466

---

**3.** Indeed, the facts of *Sinclair* indicate the problems that can occur with the use of promissory estoppel in the employment context:

> Employment at will (i.e., without a contract of employment) remains the dominant type of employment relationship in this country, and would be seriously undermined if employees could use the doctrine of promissory estoppel to make alleged oral contracts of employment enforceable. Reliance is easily, perhaps too easily, shown in the employment setting. Agreeing to work for a particular employer, thereby giving up alternative opportunities for employment, can easily be described as reliance on the employer's alleged oral promises concerning the terms of employment.

*Goldstick*, 788 F.2d at 465.

**4.** Ill.Ann.Stat. ch. 26, ¶ 2–201(1) provides:

> Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(acknowledging "the practice in diversity cases of giving substantial deference to the district judge's interpretation of the law of the state in which the judge sits."). We therefore hold, although recognizing that our decision is not free from doubt, that the district court did not err in ruling that Evans's action based on promissory estoppel was barred by the Illinois statute of frauds.[5]

 Finally, we reach Evans's claim that the doctrine of partial performance should also serve as an exception to the statute of frauds. Like his argument that Fluor admitted the existence of an enforceable promise, Evans also failed to present his partial performance argument to the district court. Accordingly, and for the aforementioned reasons, we conclude that Evans waived that argument and see no reason to consider it now.

### III.

For the reasons stated above, the district court's decision granting summary judgment in favor of Fluor is

AFFIRMED.

---

**5.** Because of the confines of the issue presented by this case, we have no opportunity to reconsider our decision in *Bennett.* *Bennett* was explicitly limited to situations under the U.C.C. and took great pains to distinguish cases interpreting the general statute of frauds provision. Although *Bennett* is open for reconsideration, a review of that decision should await the time when the issue is directly before this court.