Jerry TAYLOR, Plaintiff,

v.

CANTEEN CORPORATION, Defendant.

No. 88–1309.

United States District Court,
C.D. Illinois,
Peoria Division.

March 5, 1992.

Patricia C. Benassi, A. Lou Benassi, Clayton M. Moushon, Peoria, Ill., for plaintiff.

Homer W. Keller, Peoria, Ill., Max G. Brittain, Jr., M. David Bieber, Mary Aileen O'Callaghan, Chicago, Ill., for defendant.

## ORDER

McDADE, District Judge.

Before the Court is the Defendant's Motion for Summary Judgment as to Count II of Plaintiff's Complaint (# 52). For the reasons set forth below, the Motion is GRANTED.

## JURISDICTION

In Count II of the Plaintiff's First Amended Complaint, the Plaintiff asserts that the defendant breached an oral employment contract between the parties by terminating Plaintiff's employment. The breach of contract claim in Count II is pendent to the Court's jurisdiction over

Plaintiff's Count I claim alleging violations of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*

## STATEMENT OF FACTS

The following facts are undisputed. Defendant (Canteen) is a Delaware company which does a vending business in Illinois. Canteen's employee, Mr. Bross, was the Peoria district manager in 1978, and responsible for hiring employees at Canteen's Peoria, Illinois, facility.

In 1978, Plaintiff (Taylor) worked for Canteen as a maintenance person and the conditions of his employment were governed by the collective bargaining agreement then in effect. Following the retirement of Canteen's Peoria branch maintenance supervisor, Bross offered this nonunion management job to Taylor. (Bross dep. p. 39.) Canteen was aware that Taylor was the most senior maintenance person working for Canteen with job security as provided by the collective bargaining agreement. Taylor accepted Canteen's offer of the management job and resigned his union-secured job with Canteen in August 1978. (Bross dep. p. 70). On November 1, 1984, Canteen terminated Taylor's employment by retiring him. (Pl. dep. pp. 66–67, 119–120.)

The following disputed facts comprise the gravamen of the Motion for Summary Judgment. Taylor claims that at the time of the unsolicited offer from Canteen, he was told that, if he accepted the management job in exchange for his loss of seniority and job security guaranteed by the collective bargaining agreement, he would have "nothing to worry about." (Pl. dep. p. 31.) Taylor also claims that, in a second conversation with Bross, he was told he would "not have to be concerned with job security" as he could work for Defendant as maintenance supervisor for "as long as he wished or until he retired." (Pl. dep. pp. 106–110.) In reliance upon this promise, Taylor accepted the offer and resigned from the union, thereby losing the job security protection afforded him under the collective bargaining agreement. Canteen denies that any such promises were made to Taylor. (Bross dep. pp. 66–67, 119–120.)

## POSITIONS OF THE PARTIES

Plaintiff contends that the conversation which he had with Canteen's district manager constituted a valid and enforceable oral contract for permanent employment; and that Canteen breached this agreement when it forced him to retire in 1984. Taylor further asserts that he has alleged a cause of action based on the theory of promissory estoppel. He argues that under both claims there exists a genuine issue of material fact which precludes summary judgment.

Defendant denies that an enforceable contract was created for the reason that the supervisor's statements do not constitute a clear and definite promise nor are they supported by the requisite consideration required by Illinois law for contract formation. Defendant also argues that the alleged oral contract is unenforceable under the Statute of Frauds which requires all contracts that cannot be fully performed within one year to be in writing.

In response to this latter contention, Plaintiff asserts that he has partially performed his part of the bargain and that the doctrine of promissory estoppel precludes the application of the Statute of Frauds to bar the claim.

## DISCUSSION

■■■ Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.C.P. 56(c). A party who bears the burden of proof on an issue may not rest on its pleading but must show by specific factual allegations that there is a genuine issue of material fact which requires trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). It is for the Court to determine whether there are any factual disputes which are material and therefore require resolution at trial. *Hart-*

*ford Accident and Indemnity Co. v. Boise Cascade Corp.,* 489 F.Supp. 855 (N.D.Ill. 1980).

■■■ A case similar to the instant case and virtually dispositive of the issues was recently decided in this district and affirmed by the Seventh Circuit. *Tolmie v. United Parcel Service, Inc.,* 930 F.2d 579 (7th Cir.1991). Applicability of this precedent is governed by the following well-defined principles of *stare decisis.* The federal court sitting in diversity must follow the applicable state law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). A decision by the state supreme court is definitive and binding on the federal court even if it believes the decision to be unreasonable or unwise. *Williams v. Lane,* 826 F.2d 654, 663 (7th Cir.1987); *Brown & Williamson Tobacco Co. v. Jacobson,* 713 F.2d 262, 272 (7th Cir.1983). Where the issue has not been resolved by the state's highest court, the federal courts "must apply the state law that would be applied by that court." In making that determination, relevant intermediate appellate court cases must be considered but are not dispositive of what the state supreme court would do. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886 (1967); *Williams v. Lane,* supra at 662. If an issue has been addressed by the Circuit Court of Appeals and it has made a determination as to how the state's supreme court would decide an issue, that determination is binding on the district courts within that circuit, absent a subsequent change in state law. *Scadron v. City of Des Plaines,* 734 F.Supp. 1437, 1452 (N.D.Ill. 1990); *Owens–Illinois, Inc. v. Aetna Cas. & Sur. Co.,* 597 F.Supp. 1515, 1520 (D.D.C. 1984), citing *Newell v. Harold Shaffer Leasing Co.,* 489 F.2d 103, 107 (5th Cir. 1974). Similarly, *stare decisis* requires that a district court follow its own determination as to the law of a state, absent a contrary decision by the circuit court or a

subsequent change in the state law. *Owens–Illinois, Inc.,* 597 F.Supp. at 1520.

Applying the foregoing standards for summary judgment and considering the relevant precedents, CANTEEN'S Motion for Summary Judgment must be granted.

■■■ This Court, in the person of Judge Michael M. Mihm, was presented in 1990 with a claim [1] that William Tolmie, an employee of United Parcel Service, Inc. (U.P.S.), and a union member, had been offered and had accepted a management position with U.P.S. and had been subsequently discharged. He filed suit for breach of an alleged oral contract for permanent employment, asserting that he had been fired without good cause. The "contract" upon which he relied was created, he claimed, when he voiced concern about relinquishing the job security which he had under the collective bargain agreement and that concern was allayed by his employer's assurances that he did not need to worry about that because "it is harder to fire management than other employees." The facts and claims in *Tolmie* were similar to those in the case presently before the court.

In the *Tolmie* lawsuit, the parties raised the very same issues which have been presented in this action. Was there a sufficiently clear and definite promise to overcome the presumption that employment was "at will" and to create a binding contract? Was the promise supported by the requisite consideration, and, if so, was the contract, which was oral, enforceable under the Statute of Frauds.[2]

Judge Mihm, after a thorough review of Illinois case law, concluded that the statement of Tolmie's supervisor was vague and indefinite, not the clear and definite promise which is required by Illinois law. He also found strong factual congruent precedent in Illinois cases which persuaded him that under the law that would be followed in Illinois, giving up a union job in ex-

---

1. *Tolmie v. United Parcel Service, Inc.,* slip op., No. 89–4047 (J. Mihm, C.D.Ill. June 12, 1990).

2. Plaintiff in the case at bar has also claimed that his partial performance of the promise to

work in management estops Canteen from denying the validity and enforceability of the contract. That issue was not raised in *Tolmie* and will be addressed at a later point in this Order.

change for a non-union job with the same company does not constitute additional consideration. Finally, he was convinced that under Illinois law, the oral contract of permanent employment as alleged by Plaintiff, could not be fully performed within one year and was therefore unenforceable because of the Statute of Frauds. For all three of these reasons, he found that there were no material factual disputes and that the defendant, U.P.S., was entitled to summary judgment as a matter of law. Accordingly, he entered summary judgment in favor of U.P.S. and against the plaintiff.

This judgment was appealed to the Seventh Circuit Court of Appeals, and in 1991 after extensive review of the Illinois cases, was affirmed by that court on two of the three bases decided by Judge Mihm. *Tolmie v. U.P.S., Inc.*, 930 F.2d 579 (7th Cir. 1991). The Court of Appeals did not address the Statute of Fraud issue in its *Tolmie* decision.

In our case, the Plaintiff has not cited nor has the Court found any subsequent decisions of the Illinois courts or the Seventh Circuit which cast the slightest shadow of doubt on the absolute correctness of the *Tolmie* decision. Consequently, under the principles of *stare decisis* set forth above, this decision is binding on this Court on some issues, and the Court here holds that Plaintiff has failed to establish the existence of additional consideration necessary to support the creation of a valid contract.

The compelled finding is sufficient in itself to require entry of summary judgment on behalf of Canteen and against Taylor. For purposes of completeness, however, the Court will address the remaining two issues asserted by Taylor.

## CLEAR AND DISTINCT PROMISE

■ Plaintiff Taylor has testified that Canteen's manager told him that he would "have nothing to worry about" (Pl. dep. p. 31); and that he "would not have to be concerned with job security" because he would have his job "as long as he wished or until he retired." (P. dep. p. 107). Unless these statements are significantly less amorphous and more concrete than those in *Tolmie* and the cases on which it depends, the findings in both *Tolmie* decisions that the language asserted is insufficiently clear and definite to be construed by reasonable persons as a reliable offer is also binding on this Court. The determination of this threshold clarity and definiteness is within the province of the Court. *Tolmie*, 930 F.2d at 581. Plaintiff Tolmie improvidently relied on the assurance that he did not have to worry about job security because "it is harder to fire management than other employees." Similar statements have proven unavailing in several state appellate decisions where plaintiffs have claimed an oral guarantee of job security attendant to a transfer from union to non-union employment.

Plaintiff Richard Koch could not recall the specific language used by his employer but said that its gist was that he was to have the same protection against job termination in the non-union position that he had had by working under the collective bargaining agreement. *Koch v. Illinois Power Co.*, 175 Ill.App.3d 248, 124 Ill.Dec. 461, 464, 529 N.E.2d 281, 284 (3rd District 1988). The Third District found that language "so uncertain the court would have to restructure it with new and more definite terms for an enforceable agreement to exist." 124 Ill.Dec., at 464, 529 N.E.2d at 284.

Wayne Eastman's claim [*Eastman v. Chicago Central and Pacific Railroad Co.*, 930 F.2d 1173 (7th Cir.1991)] had no more substance to it. He too could not recall the specific language, including whether the words "permanent" or "guaranteed" had been used. Its sense, however, was that he would have the job as long as he wanted it. 930 F.2d at 1175. The Seventh Circuit found this "equivocal testimony" insufficient to constitute the clear and definite promise necessary for creating a contract.

Louise Wilder gave up a secure position in reliance on alleged various statements of defendant including assurances that "(defendant) would always have a woman in supervision and as long as I produced for (defendant), I would always have a job, and

that the only person that could eliminate me would be myself and that would be by not doing my job," and "it's a permanent position," and "you're the first woman here. There's no problem. You have a permanent job." *Wilder v. Butler Mfg. Co.*, 178 Ill.App.3d 819, 128 Ill.Dec. 41, 42, 533 N.E.2d 1129, 1130 (3rd Dist.1989). The Third District felt that plaintiff's testimony had been contradictory and that these promises were not clear and definite.

In *Heuvelman v. Triplett Electrical Instrument Co.*, (1959) 23 Ill.App.2d 231, 161 N.E.2d 875, the plaintiff was told by his employer that his job as a salesman was a permanent position. The *Heuvelman* court found that there were no definite and certain terms which could give rise to a contract for permanent employment and thus upheld summary judgment for the employer.

In all of the cited cases, the courts have found the statements relied upon by plaintiffs to be informal expressions of good will and hope for eternal association—optimistic expressions concerning the future which were never intended to be anything more and which are insufficient to establish an oral contract for permanent employment.

The Court believes that the language of promise recited by Taylor in the present case must be similarly characterized. It simply does not convey a clear and definite promise nor "descend to the kind of specificity that ordinarily attends discussion of contractual terms." *Eastman*, 930 F.2d at 1177. The alleged statements are insufficient to serve as a basis for a valid and enforceable contract. Thus, in light of *Tolmie* and the underlying state cases, Taylor's claim that he and Canteen were parties to such an oral contract of permanent employment cannot withstand scrutiny and the presumption that Taylor was nothing more than an at-will employee stands unrebutted.

## STATUTE OF FRAUDS

Under the Illinois Statute of Frauds, oral agreements that are not capable of being fully performed within one year, such as a contract for permanent employment, are unenforceable "unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith." Ill. Rev.Stat. ch. 59 ¶ 1. Having found that no contract was formed because the alleged statements of Canteen were not sufficiently clear and definite and were not supported by the requisite consideration, there is no basis for application of the Statute of Frauds defense. Therefore, further consideration of its application is unnecessary.

■■■■■ In passing, the argument of Taylor that the Statute of Frauds is inapplicable because he had partially performed under the oral contract, is without merit. The doctrine of partial performance is an equitable remedy, applicable in the absence of a legal remedy. *Gibbons v. Stillwell*, 149 Ill.App.3d 411, 102 Ill.Dec. 864, 500 N.E.2d 965 (1986). When past performance by one party changes the relation of the parties, and adequate compensation for the loss by a judgment for damages, or restoration to their former condition is impossible, the Statute of Frauds will not act as a bar to the completion of the contract. Such is not the case here as Taylor does not claim that compensatory damages are unavailable to him.

■■■ Additionally, there are sound public policy reasons for refusing to apply the doctrine of partial performance in the employment context. To allow an employee to escape the Statute of Frauds just because he commenced work in his new position would render the full performance requirement of the statute meaningless. This would mean that in any case where the plaintiff alleged that he had given up one job and started work under the terms of an oral employment contract, the employer would be precluded from asserting the Statute of Frauds. The public policy of Illinois to deter false and fraudulent claims which is embodied in the Statute of Frauds would be completely nullified if oral contracts for permanent employment did not have to comply with its requirements. *Mariane v. School Directors of District 40,*

154 Ill.App.3d 404, 506 N.E.2d 981, 983; *appeal denied*, 116 Ill.2d 561, 515 N.E.2d 111 (1987).

 Canteen also correctly argues that Taylor's claim under the promissory estoppel doctrine is not an exception to the Statute of Frauds. Canteen relies upon the Seventh Circuit opinion in *Evans v. Fluor Distribution Companies, Inc.*, 799 F.2d 364 (7th Cir.1986) which held that an employee's action based on the doctrine of promissory estoppel was barred by the Illinois Statute of Frauds where the alleged oral agreement could not be performed in one year. The *Evans* holding was said to be mandated by the Illinois Supreme Court's decision in *Sinclair v. Sullivan Chevrolet Co.*, 31 Ill.2d 507, 510, 202 N.E.2d 516 (1964) that a claim of promissory estoppel does not overcome or preclude a Statute of Frauds defense in a case involving a contract for employment.[3] The *Evans* court noted the mischief that can occur with the use of promissory estoppel in the employment context:

> Employment at will ... remains the dominant type of employment relationship in the country, and would be seriously undermined if employees could use the doctrine of promissory estoppel to make alleged oral contracts of employment enforceable. Reliance is easily, perhaps too easily, shown in the employment setting....

*Evans*, 799 F.2d at 368 n. 3 (quoting *Goldstick v. I.C.M. Realty*, 788 F.2d 456 at 465).

### PROMISSORY ESTOPPEL

 In addition to contending that promissory estoppel bars Canteen from denying the enforceability of the contract because of the Statute of Frauds, Taylor also claims that the doctrine serves as an alternate basis for Canteen's obligation to retain him in its employ. Taylor argues that summary judgment must be denied because Count II is really a promissory estoppel claim for which genuine issues of material fact exist. Canteen points out that Taylor pled a contract claim and not a claim based upon promissory estoppel; and a plaintiff is not allowed to raise new claims in response to a Motion for Summary Judgment. See *Readmond v. Matsushita Electric Corp.*, 355 F.Supp. 1073 (E.D.Pa.1973). Promissory estoppel constitutes a cause of action separate and distinct from one sounding in contract. Plaintiff argues that, since promissory estoppel has its origins in quasi-contract and since all of its elements have been adequately set forth along with those of the contract claim, it is properly pled in Count II. The Court agrees that the elements of a claim for promissory estoppel are sufficiently set forth in Count II, and the Court will therefore treat that Count as alleging a claim for breach of contract and a promissory estoppel claim in the alternative.[4]

 Taylor's reliance on the promissory estoppel doctrine must fail. It is a cause of action which comes into play when the absence of consideration precludes a finding that there is a valid contract. In the right circumstances, Plaintiff's reasonable and detrimental reliance constitutes a substitute for the requisite consideration in contract formation. In order to establish a claim based on promissory estoppel, a plaintiff must plead and prove (1) that defendant made an unambiguous promise, (2) that there has been reliance on the promise, (3) that the reliance was expected and foreseeable, and (4) that plaintiff relied on the promise to his detriment. *Quake Construction v. American Airlines, Inc.*, 141 Ill.2d 281, 565 N.E.2d 990, 1004 (1990).

 An initial (and fatal) flaw in Taylor's assertion of promissory estoppel is the

---

**3.** The *Evans* court acknowledged its uncertainty as to whether the Illinois Supreme Court would still stand by the *Sinclair* holding but felt compelled to follow *Sinclair* since it "remains good law." *Sinclair*, 799 F.2d at 368. Since *Evans*, the Seventh Circuit has twice declined to reevaluate the continued viability of *Sinclair* and until either that court or the Illinois Supreme Court has spoken, *Evans* remains binding precedent.

*Geva v. Leo Burnett Co., Inc.*, 931 F.2d 1220 (7th Cir.1991); *Monetti v. Anchor Hocking Corporation*, 931 F.2d 1178 (7th Cir.1991).

**4.** Taylor's pending motion for leave to amend his complaint to specifically plead a separate count based on promissory estoppel is now rendered moot, and it is denied on that basis.

absence of an unambiguous promise. The same alleged promises to Taylor serve as the basis both for his claim grounded in contract and that premised on promissory estoppel, and they are subject to the same legal analysis.

For purposes of summary judgment analysis only, the Court will accept as true both Plaintiff's assertion that a promise was made and his version of the promissory language. He was first assured that "he had nothing to worry about" and then that "he would not have to be concerned with job security" because he could work at the management job "as long as he wished or until he retired." Language which gives Taylor the option to continue on his job "so long as he wants" is tantamount to employment at-will and when coupled with language that he has a job "until he retires" is patently illusory. There is no definite duration to the alleged job offer. See *Koch v. Illinois Power Co.*, 124 Ill.Dec. 461, 465 (1988).

Nothing in this language unambiguously promises Plaintiff job permanency or tenure; nothing assures him that he can be terminated only for cause. Indeed, nothing even hints at the expected duration of his employment or anticipates and addresses any other usual and customary contract terms. This language on which Taylor relies is neither clear and definite for purposes of contract formation nor unambiguous for purposes of promissory estoppel. Because as a matter of law Taylor cannot prove the first element of a claim for promissory estoppel, he is not entitled to relief on that claim.

### CONCLUSION

Because the Court finds that Taylor has failed to allege and prove the existence of both a clear and definite promise and adequate consideration, he has failed to prove as a matter of law that he had a valid contract for permanent employment, and he has failed to rebut the presumption that he was nothing more than an employee at-will. For all of the above reasons, the Motion of Canteen for Summary Judgment as to Count II of the First Amended Complaint is GRANTED.