129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jean DIXON, Plaintiff-Appellant,
v.
SMITHKLINE BEECHAM CORP., Defendant-Appellee.
 No. 97-1849.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1997.*
Decided Oct. 17, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division.
 Before CUMMINGS, MANION, and ROVNER, Circuit Judges.
 ORDER
 ROSZKOWSKI, Judge.
 
 
 1
 In this product liability diversity action, Jean Dixon, proceeding pro se, appeals the district court's grant of summary judgment to SmithKline Beecham on statute of limitations grounds. Because we find no basis to toll the statute, the judgment is affirmed.
 
 
 2
 Dixon suffers from severe vision problems that she believes are caused by Stelazine, an antipsychotic drug manufactured by SmithKline. Dixon used Stelazine from 1977 until 1989. At her deposition, Dixon testified that she became suspicious in the early 1980s that Stelazine was responsible for her failing vision. She further testified that in December 1990, after visiting an opthamologist, she had "no doubt" that Stelazine was responsible for her visual problems. Dixon filed this suit in an Illinois state court in June 1993. SmithKline removed the case to federal court, and on March 5, 1997, summary judgment was entered in favor of the defendants on statute of limitations grounds. Dixon now appeals.
 
 
 3
 Illinois law specifies that all product liability actions be brought within two years of when "a person knows or reasonably should know of [her] injury and also knows or reasonably should know that it was wrongfully caused." Witherell v. Weimer, 421 N.E.2d 869, 874 (Ill.1981); see also 735 ILCS 5/13-202. By her own admission, Dixon was "suspicious" about the link between the drug and her vision loss as early as 1981. Even construing facts in the light most favorable to Dixon, she was aware of her injury and its possible cause by December 1990. Because Dixon filed her suit on June 14, 1993, more than two years after December 1990, her suit must be dismissed unless there is some basis to toll the statute.
 
 
 4
 Dixon argues that after her 1990 discovery of the cause of her illness, she experienced emotional and physical distress, and was not able to think clearly enough to file a suit within the limitations period. However, Dixon did not present this argument to the district court. We have repeatedly stated that arguments not raised in the district court are waived on appeal. See, e.g., Hayden v. La-Z-Boy Chair Co., 9 F.3d 617, 621 (7th Cir.1993). Waiver is particularly justified when an argument, such as Dixon's, is based on facts not presented to the district court. See Berwick Grain Co., Inc. v. Illinois Dep't of Agriculture, 116 F.3d 231, 234 (7th Cir.1997) ("The appellate stage of the litigation process is not the place to introduce new evidentiary materials."). Therefore, this argument is waived, and we AFFIRM the district court's decision.[1]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 SmithKline's brief violates Circuit Rule 28(e) by citing in its brief an unpublished district court case that is not attached to the brief. Compliance with this rule is especially important when the opposing party is pro se, such as Dixon is here