Cindy FOOTE, Plaintiff,

v.

FOLKS, INC., and TPA of
Georgia, Defendants.

Civ. A. No. 1:93–CV–1929–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 16, 1994.

Sharon Nelson Hill, Milton Dale Rowan, Atlanta Legal· Aid Soc., Atlanta, GA, for plaintiffs.

Daniel M. Shea, Smith, Currie & Hancock, Atlanta, GA, for defendants.

than not causes limb defects.' *Id.* at 1360.'')      (ellipsis and brackets in original).

**1328**

## ORDER

FORRESTER, District Judge.

This matter is before the court on Plaintiff Cindy Foote's objections to Magistrate Judge Dougherty's Report and Recommendation. The Magistrate Judge finds that Plaintiff, as the estranged spouse of an employee of Defendant Folks, Inc., does not have standing to bring suit against Defendants for failure to provide coverage of treatment for AIDS-related illnesses under Folks' health benefits plan under Title I of the Americans with Disabilities Act of 1990 (ADA). The Magistrate Judge therefore recommends that Defendants' motion to dismiss be granted.[1]

■ The issue of standing under the ADA has not been considered previously by the federal courts. Plaintiff, who has AIDS, objects to the Magistrate Judge's findings. She argues that as the estranged wife of her husband who was employed by Folks and now as his former wife eligible for continued coverage under COBRA, 29 U.S.C. §§ 1161(a) and 1163(3), she has standing. She points to language in ADA § 12117 which states in part that "any person alleging discrimination on the basis of disability" and in 29 C.F.R. § 16.1 promulgated thereunder which states that "any person claiming to be aggrieved," to show that employee status is not a requirement to invoke protection of the ADA. Furthermore, she argues that standing requirements under the ADA are the same as under Title VII, 42 U.S.C. § 2000e et seq., and that, therefore, since her claim meets Article III standing requirements, it may not be dismissed.

■ Plaintiff is correct in stating that the courts that have considered who may sue under Title VII have found the inquiry to be coextensive with Article III standing. *See e.g., Gray v. Greyhound Lines, East*, 545 F.2d 169, 176 (D.C.Cir.1976); *Hackett v. McGuire Brothers, Inc.*, 445 F.2d 442, 446 (3d Cir.1971). Standing doctrine itself is comprised of both "constitutional" and "prudential" requirements. *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir.1994) (citing *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975), and *Saladin v.*

*City of Milledgeville*, 812 F.2d 687, 690 (11th Cir.1987)). The parties only argue over one "prudential" requirement—"whether the plaintiff's complaint falls within the zone of interests protected by the statute." *Harris*, 20 F.3d at 1121.

Title I of the ADA seeks to prohibit discrimination against the disabled in their employment context. The general rule provides: "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is defined in Title I as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(a).

Construing this language, this court recently found that the legislative history of the ADA makes clear that the definition of "qualified individual with a disability" is directed toward job applicants and employees. *Gonzalez v. Garner Food Services, Inc.*, 855 F.Supp. 371, 374 (N.D.Ga.1994) (citing 1990 U.S.C.C.A.N. at 337, 432 and 456). As this court noted in discussing the phrase "qualified individual with a disability": "This language is not found in other discrimination statutes but was specifically adopted in this bill to 'ensure that employers could continue to require that all applicants and employees, including those with disabilities, are able to perform the essential, i.e., non-marginal functions of the job in question. USCCAN at 337." *Id.* at 7.

Plaintiff argues, however, that the controlling statutory language for the standing inquiry is not "qualified individual with a disability," but rather the phrase set forth in the federal regulations, "person claiming to be aggrieved." 29 C.F.R. § 160.7. The latter phrase under Title VII also has been held to encompass employees or applicants for employment with the allegedly offending em-

---

1. Defendant TPA of Georgia administers Folks' plan.

ployer. *See, e.g., Feng v. Sandrik,* 636 F.Supp. 77, 82 (N.D.Ill.1986). The courts that have considered the issue, however, have extended standing to *former* employees alleging retaliatory conduct by former employer that has prevented subsequent employment. *See Bailey v. USX Corp.,* 850 F.2d 1506, 1509 (11th Cir.1988) (*dicta* citing cases). While acknowledging that the plain language of Title VII would not give a former employee standing, the courts have held that a strict interpretation of the word "employee" that excluded former employees would violate the underlying policy of Title VII of preventing unlawful discrimination in gaining employment. *Id.* at 1509; *see also Rutherford v. American Bank of Commerce,* 565 F.2d 1162, 1165 (10th Cir.1977); *Pantchenko v. C.B. Dolge Co., Inc.,* 581 F.2d 1052, 1055 (2d Cir.1978).

Plaintiff is not alleging discrimination in gaining employment. Plaintiff is not an employee, former employee or a job applicant.[2] Rather, her husband is the employee and former employee. She is a beneficiary of her husband's employment benefits. She alleges in her complaint that she and others similarly situated are discriminated against by Defendants' health benefit plan because it does not provide AIDS-related coverage. Such a claim would seem to fall most appropriately under benefits law, not employment law.

Under ERISA, a beneficiary can bring suit under 29 U.S.C. § 1140 for discrimination. It is insufficient, however, to allege merely discrimination in the apportionment of benefits under the terms of the plan. *Owens v. Storehouse, Inc.,* 984 F.2d 394, 398 (11th Cir.1993) (affirming this court's order). Section 1140 only applies "to discriminatory conduct directed against *individuals;* it does not forbid discrimination relating to the plan in general." *Id.* at 398. Since Plaintiff in this case is alleging merely that the plan disallows AIDS-related coverage to all plan participants or beneficiaries, a remedy under ERISA does not exist.

She, therefore, seeks to stretch the ADA outside its language and underlying policies to provide her a remedy and obtain medical coverage. The alleged discrimination does not involve employment at all but rather health coverage. As such, this court cannot find this claim to fall within the "zone of interest" envisioned by the ADA.

In conclusion, therefore, this court adopts the Magistrate Judge's Report and Recommendation as modified by this order [6–1]. Defendants' motion to dismiss is GRANTED [3–1]. Plaintiff's motion for leave to file a supplemented complaint [8–1] and motion for leave to file a supplemental brief to objections to the Magistrate Judge's Report and Recommendation [9–1] are GRANTED and were considered in preparing this order.

SO ORDERED.

---

**2.** Subsequent to the submission of the Magistrate Judge's Report and Recommendation, Plaintiff moved to supplement the complaint to show that she and her husband are now divorced, that she

elected coverage under COBRA, and that her ex-husband no longer works for Folks, Inc. This change in status is irrelevant to determining whether she is covered by Title I of the ADA.