Richard COLLINS, Plaintiff,

v.

OSF HEALTHCARE SYSTEM, Saint James Hospital, OSF Saint James Hospital, and Franciscan Home Care, Defendant.

No. 02–1424.

United States District Court, C.D. Illinois, Peoria Division.

May 20, 2003.

Douglas Gift, Herbolsheimer Lannon Henson Duncan & Reagan, LaSalle, IL, for Plaintiff.

Kerry Saltzman, Kendra Allaband, Stephanie Dodge, Stickler & Nelson, Chicago, IL, for Defendants.

## ORDER

MIHM, District Judge.

This matter is now before the Court on Defendants' Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [# 7] is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Unless otherwise specified, the following allegations are taken from the Complaint in this matter. Plaintiff, Richard Collins ("Collins"), was married to Patricia Collins ("Mrs.Collins"), who is now deceased. Prior to her death, Mrs. Collins was an employee of OSF Saint James Hospital ("OSF") in Pontiac, Illinois.

On June 12, 2000, Mrs. Collins entered into an approved medical leave of absence. Prior to the conclusion of that leave period, she regained her health and was ready to return to work. However, OSF denied her the opportunity to return to active employment as a result of a change in her job description that was made during the term of her medical leave. Collins contends that the change in his wife's job description was made for the sole purpose of preventing her return to work and that OSF's refusal to allow her to return to active employment was based on wrongful discrimination on the basis of her handicap in violation of the Americans With Disabilities Act ("ADA"), her advanced age in violation of the Age Discrimination in Employment Act ("ADEA"), and in violation of the Family and Medical Leave Act ("FMLA"). Collins also alleges a pendent state law claim for "breach of employment relationship."

OSF has now moved to dismiss the Complaint for failure to state a claim. Collins has responded, and this Order follows.

## ANALYSIS

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir.1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Lanigan v. Village of*

*East Hazel Crest,* 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews–Bartlett & Assoc., Inc.,* 62 F.3d 967, 969 (7th Cir.1995); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75 (7th Cir.1992).

■ Collins has brought this suit both individually and as the executor of his wife's estate. OSF first argues that Collins lacks standing to bring any of these claims individually. Specifically, OSF asserts that Collins was not an employee of the hospital, and his only connection to it is the fact that he was married to Mrs. Collins, who was an employee, and became the executor of her estate.

Without a single citation to authority, Collins responds that he should be allowed to maintain an individual claim because he is entitled to certain benefits as Mrs. Collins' spouse, namely life insurance proceeds which would have been payable directly to him as her beneficiary upon her death. However, this ignores the real issue of who has standing to bring claims pursuant to the FMLA, the ADA, and the ADEA.

The FMLA provides a right of action "against any employer ... by any one or more employees," and an employee is further defined as "any individual employed by an employer." 29 U.S.C. §§ 203(e),2617(a)(2), and 2611(3). Similarly, the ADEA "prohibits an employer from discriminating against its employees on the basis of age," and defines an employee as "an individual employed by any employer." *Hayden v. La–Z–Boy Chair Co.,* 9 F.3d 617, 619 (7th Cir.1993); 29 U.S.C. § 630(f). The ADA prohibits covered entities from discriminating "against a qualified individual with a disability because of the disability of such individual" with regard to the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a); *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 563 (7th Cir.1996). In order to be a "qualified individual" under the ADA,

there must be an employment relationship, as that term is further defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

These are personal causes of action premised upon an employment relationship between the plaintiff and the defendant, and the private rights of action allow the plaintiff to seek compensation or benefits due to him or her as an employee. *See Alexander v. Rush North Shore Medical Center,* 101 F.3d 487, 492 (7th Cir.1996) (noting that a plaintiff must prove the existence of an employment relationship in order to maintain a Title VII action against the defendant.) Any claims to be made under these statutes belonged to Mrs. Collins as the allegedly aggrieved employee, and the real party in interest is Collins in his capacity as the Executor of Mrs. Collins' Estate.

There is authority allowing the personal representative of a deceased former employee to pursue employment discrimination claims on behalf of the decedent's estate. *Collins v. Village of Woodridge,* 96 F.Supp.2d 744 (N.D.Ill.2000); *Pueschel v. Veneman,* 185 F.Supp.2d 566 (D.Md.2002); *Kulling v. Grinders for Indust., Inc.,* 115 F.Supp.2d 828 (E.D.Mich.2000). However, the parties have not cited, and the Court is not otherwise aware of, any authority holding that the spouse of the deceased employee can maintain an individual action in addition to an action as the personal representative of the estate under the FMLA, ADEA, or ADA. In fact, what little authority exists on this question indicates that an individual claim by a dependant beneficiary of the deceased employee is not proper. *See Niemeier v. Tri–State Fire Protection District,* 2000 WL 1222207, at \*2 (N.D.Ill. Aug. 24, 2000) (holding that a dependent

beneficiary has no standing to bring a claim under the ADA because she is neither an employee nor attempting to secure employment with the defendant); *Micek v. City of Chicago*, 1999 WL 966970, at *5 (N.D.Ill. Oct. 4, 1999) (holding that dependent beneficiary's claims fell outside the ADA's zone of interest because she was not an employee, former employee, or job applicant); *Foote v. Folks, Inc.*, 864 F.Supp. 1327 (N.D.Ga.1994) (reaching the same decision under Title VII); *Knussman v. State of Maryland*, 935 F.Supp. 659, 667 (D.Md.1996) (finding that the FMLA does not create enforceable rights on the part of family members of affected employees.)

Accordingly, the Court concludes that to the extent that Collins asserts individual claims under the FMLA, ADEA, and ADA, such claims should be dismissed. The Court sees no reason why the same ruling should not apply to the state law claim for breach of employment relationship, as it is similarly flawed for lack of an employment relationship between Collins and OSF. Thus, Collins' individual claims are dismissed in their entirety.

■ OSF next contends that the Estate's FMLA claim is time barred under the two-year statute of limitations set forth in 29 U.S.C. § 209, as Mrs. Collins was notified of her termination on November 21, 2000, and the Complaint in this case was not filed until December 27, 2002. Plaintiff notes that he has alleged a willful violation of the FMLA, which is subject to a three-year statute of limitations pursuant to 29 U.S.C. § 2617(c)(2). A review of the Complaint reveals the allegation that OSF changed Mrs. Collins' job description "for the sole purpose of preventing the return to work" and then "wrongfully terminated plaintiff's decedent from employment" while her leave was still pending. While the Court agrees with OSF that this is not the strongest allegation of willfulness, the

Court cannot find at this stage of the litigation that no set of facts in support of this claim could be proven that would entitle the estate to relief. The Motion to Dismiss is therefore denied in this respect.

■ OSF next seeks dismissal for failure to properly allege violations of the FMLA, ADEA, and ADA because the Complaint fails to set forth sufficient factual allegations to outline the basic cause of action. Federal Rule of Civil Procedure 8(a) does not require a claimant to set forth a detailed statement of the claim, but rather only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Here, the Complaint alleges that Mrs. Collins was on a medical leave of absence that was governed by the FMLA, and that OSF entered into an agreement to grant her an extended medical leave, but wrongfully terminated her while that leave was still pending. While it may have been preferable for the Estate to provide more detailed allegations, the Complaint is sufficient to put OSF on notice of the essence of the claimed violation. Under the requirements for liberal notice pleading, that is all that is required to survive a motion to dismiss, and a plaintiff need not plead specific evidence. As the Court cannot find that there are no circumstances under which Collins as the Executor would be entitled to any relief on his FMLA claim, OSF's motion will be denied in this respect.

■ With respect to the ADA claim, the Complaint alleges that Mrs. Collins' health was sufficient to perform the requirements of her job at the time she left it, or alternatively, that she could have returned to work with reasonable accommodations required by the ADA. The only other allegation is that OSF's refusal to allow her to return to work was due to her "handicap"

in violation of the ADA. These bare allegations are insufficient to put OSF on notice of the operative facts and the nature of the claimed disability discrimination, as the Complaint does not even allege that Mrs. Collins was disabled within the meaning of the ADA or was otherwise substantially limited in a major life activity. Even when all allegations are construed in the light most favorable to the Executor, there are simply no facts that outline the basis for this claim. Accordingly, the Motion to Dismiss will be granted without prejudice as to the ADA claim, and Plaintiff will be allowed to file an amended complaint curing this deficiency within 21 days if he is able to do so in good faith.

■ The sole allegation of age discrimination contained in the Complaint is that OSF's refusal to allow Mrs. Collins to return to work was due to her advanced age in violation of the ADEA. This is a bald legal conclusion and is plainly insufficient to pass muster under Rule 12(b)(6). In fact, the Complaint does not even specify that Mrs. Collins was within the protected category of individuals aged 40 and older or any other operative facts putting OSF on notice of the nature of the age discrimination claim. The Executor's ADEA claim is therefore dismissed without prejudice to filing an amended complaint that properly alleges a cause of action under the ADEA if there is a good faith basis for doing so.

■ What remains is Plaintiff's state law claim for breach of employment relationship. OSF seeks the dismissal of this claim for failure to allege the existence of any employment contract between OSF and Mrs. Collins or that the employment relationship had any fixed duration. However, Illinois courts have allowed such claims to proceed despite the lack of a written employment contract under certain circumstances, such as where the parties are able to produce evidence that policies and procedures within an employment manual provided the employee with enforceable rights. *Duldulao v. St. Mary of Nazareth Hospital Center,* 115 Ill.2d 482, 106 Ill.Dec. 8, 505 N.E.2d 314 (1987); *Mitchell v. Jewel Food Stores,* 142 Ill.2d 152, 154 Ill.Dec. 606, 568 N.E.2d 827, 831 (1990); *Wheeler v. Phoenix Co. of Chicago,* 276 Ill.App.3d 156, 213 Ill.Dec. 62, 658 N.E.2d 532, 535–36 (1995).

As Plaintiff's Complaint does not presently contain sufficient allegations to bring it under an exception to the employment at-will doctrine, OSF's Motion to Dismiss will be granted. However, as it appears that Plaintiff may be able to plead sufficient allegations to bring his case within the exception, he is hereby granted leave to file an amended complaint providing such additional allegations as are necessary to cure the deficiency.

■ OSF has also moved to dismiss the prayer for punitive damages. Plaintiff responds only with authority allowing a claim for punitive damages in an ADA action, perhaps because it is well-established that punitive damages are not available under the other theories asserted. *Franzoni v. Hartmarx Corp.,* 300 F.3d 767, 773 (7th Cir.2002); *Harrington–Grant v. Loomis–Fargo & Company,* 2002 WL 47152 (N.D.Ill.2002). Accordingly, while it is not proper to strike the prayer for punitive damages in its entirety, such damages are only potentially available in the event of a successful ADA claim.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [# 7] is GRANTED IN PART and DENIED IN PART. Plaintiff is hereby given leave to file an amended complaint curing the identified deficiencies with respect to the Estate's claim under the ADA, ADEA, and state

law within 21 days from the date of this Order.