**NORTHERN CROSSARM CO., INC., Plaintiff,**

v.

**CHEMICAL SPECIALTIES, INC., Defendant.**

**No. 03–C–415–C.**

United States District Court, W.D. Wisconsin.

June 2, 2004.

Gregory T. Everts, for Plaintiff.

Jon G. Furlow, Michael Best & Freidrich, LLP, Madison, WI, for Defendant.

## ORDER

CRABB, District Judge.

With approximately one week remaining until trial, defendant Chemical Specialties, Inc. has moved for reconsideration of the court's Opinion and Order dated May 18, 2004. In that order, I denied defendant's supplemental motion for summary judgment with respect to plaintiff Northern Crossarm Co., Inc.'s breach of the implied duty of good faith and fair dealing claim.

This case arises out of the parties' market support agreement, under which defendant, a distributor of wood treatment materials, was to pay plaintiff, a company engaged in treating lumber, for each pound of Alkaline Copper Quaternary (ACQ), a wood treatment material, that defendant sold to other wood treaters in a specified region. Defendant agreed to make these payments in consideration of plaintiff's efforts promoting ACQ in the regional market. Later, defendant entered a sublicensing agreement under which it collected royalty payments for its sublicensee's regional ACQ sales but did not make market support payments to plaintiff for the sales. Plaintiff argued that by entering a sublicensing agreement, defendant upset the parties' contractual expectations in violation of the implied duty of good faith and fair dealing.

In concluding that defendant was not entitled to judgment as a matter of law on this claim, I reasoned that,

> Although the facts show that defendant *may* have been acting pursuant to this innocent motive, it is for the trier of fact to determine issues of motive. *Greer Properties, Inc. v. LaSalle National Bank,* 874 F.2d 457, 461 (7th Cir.1989) (summary judgment inappropriate on good faith claim where material issues of fact exist regarding motive). On summary judgment a court may not make credibility determinations, weigh the evidence or decide which inferences to draw from the facts; these are jobs for a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir.2003). So long as a trier of fact could conclude reasonably that defendant used the sublicensing agreement as a means of avoiding its market support obligations, *cf. Trzcinski v. American Cas. Co.,* 953 F.2d 307, 313 (7th Cir.1992) (law presumes that people intend natural consequences of their acts), summary judgment is inappropriate. *Hayden v. La–Z–Boy Chair Co.,* 9 F.3d 617, 618 (7th Cir.1993)(summary judgment may be awarded against non-moving party only if court concludes that reasonable jury could not find for that party on basis of facts before it).

Op. and Order, dkt. # 69, at 27.

Defendant quotes other cases acknowledging that motive is a question of fact that ordinarily cannot be determined on summary judgment. Dft.'s Br., dkt. # 78,

at 5 (quoting *Market Street Associates Ltd. Partnership v. Frey,* 941 F.2d 588 (7th Cir.1991) *aff'd,* 21 F.3d 782 (7th Cir. 1994)) (essential issue in good faith claim was defendant's state of mind, "a type of inquiry that ordinarily cannot be concluded on summary judgment."). However, despite acknowledging that it is inappropriate in most instances, defendant now asks the court to reconsider and grant summary judgment in its favor in light of deposition testimony taken just days before that order was entered and not presented to the court until yesterday. Defendant believes that this testimony proves its innocent motive beyond dispute.

The new evidence defendant asks the court to consider includes a portion of a deposition from Patrick Bischel, plaintiff's president, in which Bischel answered "no" to the question "Do you believe that [defendant] entered into the sublicense agreement with Osmose to avoid its obligation to [plaintiff] under the marketing support agreement," Dollins Decl., dkt. # 79, exh. A, Bischell Dep. at 147, lns. 12–22, and a portion of a deposition of a representative of the sublicensee, Osmose, Inc., which defendant asserts shows that "(i) Osmose approached CSI about licensing ACQ [and] (ii) Osmose had no knowledge of CSI's Marketing Support Agreement with Northern Crossarm." In essence, defendant asks the court to determine that it acted in good faith as a matter of law based on the testimony of two individuals, neither of whom is in a position to know defendant's motivations.

First, the testimony of the Osmose representative is only marginally relevant. Defendant may have acted in bad faith even if it did not conspire with its sublicensee or disclose its motivations. Although Bischell's testimony carries slightly more weight, its import is significantly undercut by the fact that he responded differently to a nearly identical question asked the day before.

Q: Sitting here today, do you have any belief that [defendant] entered into the Osmose sublicense for the purpose of avoiding its obligations to Northern Crossarm under the Marketing Support Agreement?

A: I'm not sure.

Dollins Decl., dkt. # 79, exh. B, Bischell Dep. at 110, Ins. 1–5. In any event, Bischell's testimony that he does not believe defendant entered the sublicense agreement for the purpose of evading its market support obligations is not conclusive of the issue.

Plaintiff has had little if any time to respond to defendant's motion for reconsideration and the evidence and new arguments defendant has presented. It would be unfair to decide this issue before plaintiff has had an opportunity to develop its evidentiary objections, present its own evidence, including its examination of Bischell, or raise counter-arguments, particularly about the weight and meaning of Bischel's statements. When the disputed issue is one of fact, particularly motive, granting judgment as a matter of law based on a unilateral presentment of evidence would be both unwise and unfair. Accordingly, defendant's motion will be denied.

Defendant has also titled its motion as a one in limine, seeking clarification of the issue or issues remaining for trial. To the extent that the May 18, 2004, order was unclear, the remaining disputed issue is that of defendant's motive in entering the sublicensing agreement. I trust that if plaintiff does not intend to argue bad faith on the part of defendant, it would move to voluntarily dismiss its claim.

## ORDER

IT IS ORDERED that defendant Chemical Specialities, Inc.'s motion for reconsid-

eration of the opinion and order dated May 18, 2004, denying its supplemental motion for summary judgment on plaintiff Northern Crossarm Co. Inc.'s good faith and fair dealing claim is DENIED.